*LAFON* vs. *TESTAMENTARY EX'ORS OF LAFON.*

PORTER, J. delivered the opinion of the court. In this case an application has been made for a mandamus to the judge of the court of probates, directing him to send up an appeal from a final judgment rendered against the defendants.

The return alleges, that the reason why the record has not been sent up is, that the appellants have failed to give security, according to law.—They however insist that they have furnished that security, and in support of the allegation, rely *first*

On a bond they subscribed as executors, and in their private capacity, binding themselves in the latter character, as sureties for the successful prosecution of the appeal which they had taken as representatives of the estate, and

Executors cannot be received in their private capacity as sureties on an appeal taken from a judgment given against them in their representative character.

Possession of property to the amount of $400 does not authorise the possessor to be surety for $600.

East'nDistrict.
June, 1824.

LAFON
vs.
EXECUTORS OF
LAFON.

this they insist was a sufficient furnishing of security under the act of the legislature. 1 *Martin's Digest*, 438.

We are satisfied it was not. The judgment rendered, directed the defendants to pay into court, the balance in their hands, the period of executorship having expired. By the terms of this decree, the defendants became responsible in their private capacity if they failed to pay over the money they had received as executors. The signing of a bond therefore gives no more security, than that which the plaintiff already had by the judgment. We cannot distinguish this case from that where an agent, or factor was condemned to pay money to his principal, and he offered himself in his private capacity to become security for his acts as mandatory.

The second ground is that after the rejection of this bond, the defendants tendered one for the costs, signed by themselves, and one Jean Maurin as surety.

Whoever is bound by law or judgment, to give a surety, must offer a person possessed of sufficient property, to secure the sum for which he is bound.

The amount of costs acknowledged by the defendants in the bond tendered by them, was

East'n District.
*June,* 1824.

LAFON
*vs.*
EXECUTORS OF
LAFON.

six hundred dollars, the surety is only shewn to possess property to the amount of $400.

It has been urged that the bond was accepted in the court of probates, and that the proceedings were irregular, by which it was set aside. The evidence taken renders it difficult for us to say what is the regular practice of that court in regard to taking appeal bonds, and what were the particular circumstances attending this transaction. Admitting that such irregularity is shewn, we do not th'nk this is a case, which requires, or authorises our interference. An opportunity has been afforded the defendants to shew in this court, that they offered in that below, a good and sufficient surety, such as the law contemplates. This they have failed to do, and therefore are not entitled to the extraordinary interference of this court. Writs of this kind are used not to correct mere errors in form, but to ensure substantial justice.

We feel inclined to this course from the consideration, that the road to this tribunal is still open to the defendants by another appeal, if they are able to give security.

Let the rule be discharged at the costs of the appellants.